UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AXIS INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>    v.<br><br>GREAT AMERICAN INSURANCE COMPANY OF NEW YORK,<br><br>    Defendant. | Case No. 22-cv-02315-JST   (LJC)<br><br>**ORDER RESOLVING DISCOVERY DISPUTE AND REQUIRING DISCLOSURE OF JANUARY 27, 2022 LETTER**<br><br>Re: Dkt. Nos. 36, 40, 41 |

Before the Court is a discovery dispute between the parties Plaintiff AXIS Insurance Company (AXIS) and Defendant Great American Insurance Company of New York (Great American) regarding the disclosure of a letter that AXIS's coverage counsel, Kristin V. Gallagher, sent on January 27, 2022 to Greg Dillion, coverage counsel for its insured, Twin Hill. Great American seeks disclosure of the January 27, 2022 letter ("letter"), whereas AXIS asserts that it is lawfully withheld. Having read the papers filed by the parties and carefully considered their arguments and the relevant legal authority, and good cause appearing, the Court orders AXIS to disclose the letter to Great American within five days of this order.

**BACKGROUND**

This is an action for declaratory relief by AXIS against Great American to determine their rights and duties to provide coverage and defend under insurance policies they issued to a manufacturer, Twin Hill. Dkt. 1, ¶ 1. AXIS issued a series of insurance policies to Twin Hill, and Great American issued certain umbrella insurance policies to Twin Hill. Multiple actions are pending against Twin Hill in California and Illinois arising out of Twin Hill's manufacture and distribution of allegedly defective uniforms worn by certain airline employees. AXIS asserts that under its policies, it is only required to pay an annual limit of $1,000,000 for all claims whereas

1   Great American asserts that AXIS is obligated to pay $1,000,000 for each occurrence and/or
2   claim. Id. at 2
3   The parties filed a joint discovery letter on January 10, 2023. Dkt. 36. This discovery
4   dispute was then referred to the undersigned on January 17, 2023. Dkt. 37. The parties appeared
5   before the undersigned on January 24, 2023, to discuss their discovery dispute. Dkt. 39. The
6   Court ordered supplemental briefing and an *in-camera* review of the January 27, 2022 letter. Dkt.
7   40, 41. In turn, AXIS lodged the letter for in camera review.

## LEGAL STANDARD

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1).

## DISCUSSION

AXIS asserts four protections to prevent the disclosure of the January 27, 2022 letter: (1) the work product doctrine, (2) the common-interest doctrine, (3) the mediation privilege, and (4) the settlement privilege. The Court addresses each in turn.

### 1. Work Product Doctrine

"Unlike the attorney-client privilege, the application of the work product doctrine in diversity of citizenship cases is determined under federal law." Anderson v. SeaWorld Parks & Ent., Inc., 329 F.R.D. 628, 635 (N.D. Cal. 2019); see First Pacific Networks, Inc. v. Atlantic Mut. Ins. Co., 163 F.R.D. 574, 582 (N.D. Cal. 1995). The work product doctrine is distinct from the attorney-client privilege because the doctrine "is in fact 'not a privilege but a qualified immunity protecting [certain material] from discovery.'" Anderson, 329 F.R.D. at 635 (citing Admiral Ins. Co. v. U.S. Dist. Court, 881 F.2d 1486, 1494 (9th Cir. 1989)).

Codified in Federal Rule of Civil Procedure 26(b)(3), the work product doctrine shields

from discovery documents and other tangible things that are prepared by or for a party or its representative in anticipation of litigation. See In re Grand Jury Subpoena, 357 F.3d 900, 907 (9th Cir. 2004). Generally, a document should be "deemed prepared in anticipation of litigation" if, "in light of the nature of the document and the factual situation in the particular case, the document can be fairly said to have been prepared or obtained because of the prospect of litigation." In re Grand Jury Subpoena (Mark Torf/Torf Envtl. Mgmt.), 357 F.3d 900, 907 (9th Cir. 2004) (internal citation omitted). A litigation need not have commenced for a document to be protected by the work product doctrine, rather, "there must be more than a remote possibility of litigation" when the document was prepared. Fox v. California Sierra Fin. Servs., 120 F.R.D. 520, 524 (N.D. Cal. 1988). That said, "[w]hen it is clear that documents would have been prepared independent of any anticipation of use in litigation (i.e., because some other purpose or obligation was sufficient to cause them to be prepared), no work product protection can attach." First Pacific Networks, Inc., 163 F.R.D. at 582.

AXIS asserts that the January 27, 2022 letter was prepared in anticipation of litigation with Great American. Dkt. 36. Even accepting that the letter was written at a moment in time when AXIS and Twin Hill expected a declaratory action to be filed by AXIS against Great American, the work product protection would not attach if the letter served some other purpose sufficient to prompt AXIS to prepare and submit the letter to Twin Hill. Here, the letter provides in writing AXIS's coverage position with respect to Twin Hill and states AXIS's reservation of rights. Ordinarily, when an insurer receives notice that an insured individual or company has been sued, the insurer must issue a coverage position, disclaim coverage, or take an intermediate position and reserve its rights. The letter plainly serves that very purpose, which would be necessary regardless of any eventual litigation against Great American. The work product doctrine does not protect the letter from disclosure.

**2. Common-Interest Doctrine**

AXIS does not expressly argue that the letter is protected from disclosure pursuant to a common interest shared with Twin Hill, but AXIS emphasizes in both joint discovery letters, Dkt. 36 at 3 and Dkt. 40 at 6, that AXIS and Twin Hill are adversarial to Great American as to the

3

1  coverage issues and settlement.  Great American, however asserts a lack of common interest
2  between AXIS and Twin Hill.  To the extent AXIS raises the common-interest doctrine as a basis
3  for withholding the letter, the Court addresses it here.

4  "The common-interest doctrine is not an independent privilege."  Rodriguez v. Seabreeze
5  Jetlev LLC, No. 420CV07073YGR-LB, 2022 WL 3327925, at *5 (N.D. Cal. Aug. 11, 2022)
6  (internal quotation marks omitted).  It is an anti-waiver doctrine, as "the common-interest doctrine
7  preserves work-product protection over materials communicated to third parties, so long as they
8  generally share the client's interests and are not adversaries[.]"  Id. at *6.  Here, the Court need not
9  resolve whether the common-interest doctrine applies because it has determined that work product
10 protection does not apply in the first instance.  Even if the Court were to hold that the letter
11 contained attorney work product, the common-interest doctrine does not provide an exception to
12 AXIS's waiver of work product protection through disclosure to Twin Hill.  In
13 the attorney work product context, the test for waiver is whether the disclosure makes access by an
14 adversary more likely.  See In re Telescopes Antitrust Litig., No. 20CV03642EJDVKD, 2022 WL
15 1693677, at *3 (N.D. Cal. May 26, 2022) ("A voluntary disclosure of work product waives the
16 protection where such disclosure is made to an adversary in litigation or where the disclosure is
17 made in a manner that substantially increases the opportunities for potential adversaries to obtain
18 the work product.").

19 Great American has the stronger position.  Courts in California have held that an insured
20 and an insurer may not have a common interest where the insured maintains a reservation of
21 rights.  See First Pac. Networks, Inc., 163 F.R.D. at 578; Kaufman & Broad Monterey Bay v.
22 Travelers Prop. Cas. Co. of Am., No. C10-02856 EJD HRL, 2011 WL 2181692, at *5 n.2 (N.D.
23 Cal. June 2, 2011) ("[i]n such a situation—which is the case here—there exists a tension between
24 the insured [] and the Insurer [] because the insurer essentially makes it clear that it has reserved
25 the right to later deny coverage as to both indemnity and defense if facts support it.").

26 While AXIS is currently representing Twin Hill in the underlying lawsuits, AXIS does so
27 under a reservation of rights.  Accordingly, AXIS's letter to Twin Hill made an adversary's access
28 to information more likely.  See California Sportfishing Protection Alliance v. Chico Scrap Metal,

4

Inc., 299 FRD 638, 645 (E.D. Cal. 2014).  Even if Twin Hill and AXIS share an interest in persuading Great American to participate in the negotiations to settle the underlying actions, and that may expedite resolution of those cases, that shared interest does not establish a common interest with respect to the coverage or defense issues that are addressed in the letter.  The letter does not advance a common interest shared by AXIS and Twin Hill, and thus, no such exception to a waiver of attorney work product protection applies.

### 3. Mediation Confidentiality

Under California law, "[a]ll communications, negotiations, or settlement discussions by and between participants in the course of a mediation or a mediation consultation shall remain confidential." Cal. Evid. Code § 1119(c).  "No writing . . . that is prepared for the purpose of . . . a mediation . . . is admissible or subject to discovery." Cal. Evid. Code § 1119(b).  "Mediation confidentiality protects communications and writings if they are materially related to, and foster, the mediation." Wimsatt v. Superior Court, 152 Cal. App. 4th 137, 160 (2007).

The January 27, 2022 letter does not address any mediation discussions.  The only fact that AXIS and Twin Hill underscore repeatedly is that the letter was written after failed settlement negotiations to resolve the underlying actions.  This is insufficient to establish that the letter materially advanced and fostered a mediation.  Thus, the letter is not entitled to the mediation confidentiality.

### 4. Settlement Privilege

AXIS asserts the January 27, 2022 letter is protected by the settlement privilege.  Federal Rule of Evidence 408 concerns the admissibility of settlement communications at trial and thus does not apply here.  Indeed, "Rule 408 does not warrant protecting settlement negotiations from discovery." Conde v. Open Door Mktg., LLC, No. 15-CV-04080-KAW, 2018 WL 1248094, at *2 (N.D. Cal. Mar. 12, 2018).

//

//

**CONCLUSION**

5

For the foregoing reasons, AXIS is **ORDERED** to disclose to Great American a copy of the January 27, 2022 letter that Kristin V. Gallagher sent to Greg Dillion within five days of this order.

**IT IS SO ORDERED.**

Dated: February 16, 2023

LISA J. CISNEROS
United States Magistrate Judge